**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| GRACE ALBANESE,<br><br>    Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>    Defendant. | Case No. 2:17-cv-01285-JCM-VCF<br><br>**ORDER AND REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO.1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court are Albanese's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Albanese's complaint be dismissed.

## I. DISCUSSION

**A. In Forma Pauperis**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Courts may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." *Id*. Determining what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the courts, based on the information submitted by the plaintiff. *See, e.g.*, *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980) ("A district court has discretion to grant or deny an in forma pauperis petition filed under s 1915."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Albanese has requested authority to proceed *in forma pauperis* and submitted the required affidavit. *See* ECF No. 1. Other than the small amount Albanese brings in from "panhandling," she has no income or assets. *Id*. The Court finds that she is unable to pay fees and costs or give security for them. Based on Albanese's state of penury, the Court grants her application to proceed *in forma pauperis*.

**B. Screening the Complaint Under 28 U.S.C. § 1915(e)**

Upon granting a request to proceed *in forma pauperis*, the Court must screen a complaint under 28 U.S.C. § 1915(e)(2). Federal courts are given the authority to dismiss a case if the action (1) is legally "frivolous or malicious," (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Section 1915 was enacted to conserve judicial resources by empowering courts to dismiss actions, "which fall somewhere between the frivolous and the farcical and so foster disrespect for our laws." *Crawford-El v. Britton*, 523 U.S. 574, 601 (1998) (Kennedy, J., concurring).

Where a *pro se* litigant is involved, however, courts are directed to hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52,

2

54 (9th Cir. 1995).

The Complaint in this matter is a one-page document naming the Las Vegas Metropolitan Police Department ("Metro") as the defendant. *See* ECF No. 1-1. Albanese claims a violation of her civil rights under 42 U.S.C. § 1983, obstruction of justice, and a denial of equal protection under the law. *Id*. Albanese's complaint states in its entirety the following:

> Denying me equal protection under the law by not informing me 1107 E-Desert Inn # 3 and 9 are observing me in my room. And that listening device is being use by them to spy on me. Obstruction of justice by not informing law enforcement that Apts. 3 and 9 are observing me in my room and that Apt 3 has hacked into my phone.

*Id*. She seeks $500,000 in damages. *Id*. For the reasons discussed below, the Court finds that Albanese's complaint should be dismissed as frivolous because its claims are duplicative of the claims in Albanese's other pending actions.

Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e). *See Cato*, 70 F.3d at 1105 n. 2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious).

The claims raised in Albanese's complaint against Metro are directly related to those raised in other actions brought by Albanese. *See Grace Albanese v. Las Vegas Metropolitan Police Department*,

3

case no. 2:16-cv-00532-RFB-GWF; *Grace Albanese v. Homeland Security*, case no. 2:16-cv-00531-RFB-VCF; *Grace Albanese v. Department of Homeland Security*, case no. 2:17-cv-01287-JCM-PAL; *Grace Albanese v. Federal Bureau of Investigations*, 2:17-cv-01286-JAD-PAL. In *Grace Albanese v. Homeland Security*, case no. 2:16-cv-00531-RFB-VCF, for example, the complaint states "Homeland Security put a tracking device on my vehicle through the auspices of the Las Vegas Metropolitan Police Department. As well as order that my telephone be 'bugged' with a listing device. That I, Grace Albanese be followed by the Las Vegas Police Department to the point of harassment…" In *Grace Albanese v. Department of Homeland Security*, case no. 2:17-cv-01287-JCM-PAL, another one of Albanese's pending cases, the complaint states as follows:

> Denying me equal protection under the law by not informing that 1107 E. Desert Inn #3 and 9 are observing me in my room. Obstruction of justice by not informing any law enforcement that I am being observed in my room and listening device is being used by Apts 3 and 9 to spy on me. Not informing me Apt 3 has hacked into my phone …"

*See Grace Albanese v. Department of Homeland Security*, case no. 2:17-cv-01287-JCM-PAL, (ECF No. 1-1).[1] The allegations and issues in those cases are directly related—and indeed nearly identical—to the issues raised in the complaint before this Court.[2] Accordingly, such claims are improperly raised in the complaint, as they are frivolous and should be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

---

[1] *See also Grace Albanese v. Department of Homeland Security*, case no. 2:17-cv-01286-JAD-PAL, (ECF No. 1-1) ("Denying me equal protection under the law by not informing that 1107 E. Desert Inn Apts 3 and 9 are observing me in my room. Obstruction of justice by not informing any law enforcement that I am being observed in my room and listening device is being used by Apts 3 and 9 to spy on me. Not informing me Apt 3 has hacked into my phone …"). These claims are nearly identical to those in the case before this Court.

[2] The instant matter also raises identical legal claims as in Albanese's other pending actions—violation of Albanese's civil rights under 42 U.S.C. § 1983, obstruction of justice, and a denial of equal protection under the law. *See, e.g.*, *Grace Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-00577-GMN-PAL, ECF Nos. 13; 12.

4

IT IS ORDERED that Albanese's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Albanese is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS RECOMMENDED that Albanese's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE