UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GRACE ALBANESE,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>Defendant(s). | Case No. 2:17-CV-1285 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"). (ECF No. 3).

**I.     Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

**James C. Mahan**
**U.S. District Judge**

## II. Discussion

Plaintiff has not formally objected to the R&R. However, plaintiff's filings are *pro se*, and thus this court construes them liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). Thus, the court construes plaintiff's notice of appeal (ECF No. 4) as an objection. *See id.* Although plaintiff does not adequately address or brief the objectionable issues in plaintiff's notice of appeal, and therefore the court need not engage in a *de novo* review of the R&R, *see Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991), the court will review the screening order *de novo* to ensure finality in the present case.

Upon granting a request to proceed *in forma pauperis*, the court then screens the complaint under 28 U.S.C. § 1915(e)(2). Federal courts may dismiss an action if it (1) is legally "frivolous or malicious," (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Section 1915 conserves judicial resources by empowering courts to dismiss actions that "fall somewhere between the frivolous and the farcical and so foster disrespect for our laws." *Crawford-El v. Britton*, 523 U.S. 574, 601 (1998) (Kennedy, J., concurring).

Where the litigant files *pro se*, courts use "less stringent standards" when considering the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure the complaint's deficiencies, unless it is clear from the face of the complaint that amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them

as frivolous or malicious under § 1915(e). *See id.* at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

This case is one of 30 federal cases plaintiff has filed against the Las Vegas Metropolitan Police Department ("LVMPD") within the last year and a half. The claims raised in plaintiff's complaint against the LVMPD are directly related, if not identical, to plaintiff's claims in the other actions. *See, e.g., Grace Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:16-cv-00532-RFB-GWF; *Grace Albanese v. Homeland Security*, case no. 2:16-cv-00531-RFB-VCF; *Grace Albanese v. Department of Homeland Security*, case no. 2:17-cv-01287-JCM-PAL; *Grace Albanese v. Federal Bureau of Investigations*, 2:17-cv-01286-JAD-PAL. This action is duplicitous and frivolous. Dismissal pursuant to 28 U.S.C. § 1915(e)(2) is therefore appropriate.

### III. Conclusion

For the reasons stated in Judge Ferenbach's R&R and stated above, the court dismisses the case with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 3) be, and the same hereby is, adopted in its entirety.

IT IS FURTHER ORDERED that the instant case be, and the same hereby is, DISMISSED WITH PREJUDICE.

The clerk shall enter judgment accordingly and close the case.

DATED September 6, 2017.

_____
UNITED STATES DISTRICT JUDGE